Appeal No. 21-2303

---

**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

STATIC MEDIA LLC,

*Plaintiff-Appellee*,

v.

LEADER ACCESSORIES LLC,

*Defendant-Appellant*

JEN-FENG LEE.

*Appellant*

---

*Appeal from the United States District Court for the Western District of Wisconsin, No. 3:18-cv-00330-wmc*
*Honorable William M. Conley, Presiding*

---

**APPELLEE'S PRINCIPAL BRIEF**

---

Harry E. Van Camp, Esq.
Elijah B. Van Camp, Esq.
Deborah C. Meiners, Esq.
DeWitt Ross & Stevens S.C.
Two East Mifflin Street, Suite 600
Madison, WI 53703
608-255-8891

*Counsel for Plaintiff-Appellee*

Dated: December 27, 2021

# CERTIFICATE OF INTEREST

*Static Media LLC v. Leader Accessories LLC*, Appeal No. 21-2303

Counsel for Plaintiff-Appellee Static Media LLC certifies the following:

1. The full name of every party or amicus represented by me is:

   Static Media LLC.

2. The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

   N/A.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

   None.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Harry E. Van Camp, Esq.
DeWitt Ross & Stevens, S.C.
Two East Mifflin Street, Suite 600
Madison, WI 53703

Deborah C. Meiners, Esq.
DeWitt LLP
Two East Mifflin Street, Suite 600
Madison, WI 53703

Elijah B. Van Camp, Esq.
DeWitt Ross & Stevens, S.C.
Two East Mifflin Street, Suite 600
Madison, WI 53703

Vincent Bushnell, Esq.
FisherBroyles, LLP
945 East Paces Ferry Road NE
Suite 2000
Atlanta, GA 30317

Dated: December 27, 2021.

*/s/ Deborah C. Meiners*
Deborah C. Meiners, Esq.
Attorney for Plaintiff-Appellee

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ........ i

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

STATEMENT OF RELATED CASES ........ 1

STATEMENT OF ISSUES ........ 2

STATEMENT OF THE CASE AND FACTS ........ 3

SUMMARY OF ARGUMENT ........ 6

ARGUMENT ........ 7

I. STANDARD OF REVIEW. ........ 7

II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING APPELLANTS IN CONTEMPT OF COURT. ........ 8

III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEYS' FEES AND ADDITIONAL SANCTIONS OF $1,000. ........ 13

A. The District Court Appropriately Awarded Attorneys' Fees... 13

B. The District Court Appropriately Awarded Additional Sanctions. ........ 14

CONCLUSION ........ 19

CERTIFICATE OF SERVICE ........ 20

CERTIFICATE OF COMPLIANCE ........ 21

# TABLE OF AUTHORITIES

## Cases

*Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867 (7th Cir. 2005) .......... 7, 8

*Am. Nat.*, 406 F.3d at 877–78 .......... 8

*Autotech Techs. LP v. Integral Rsch. & Dev. Corp.*, 499 F.3d 737 (7th Cir. 2007) .......... 16

*Crissen v. Gupta*, No. 2:12-CV-00355-JMS, 2014 WL 1414575 (S.D. Ind. Apr. 14, 2014) .......... 18

*Donelson v. Hardy*, 931 F.3d 565 (7th Cir. 2019) .......... 15

*E.E.O.C. v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945089 (N.D. Ill. Dec. 6, 2001) .......... 16

*E.Z. by Braun v. United States*, No. 17 C 216, 2020 WL 757890 (N.D. Ill. Feb. 14, 2020) .......... 17

*Frazier v. Layne Christensen Co.*, No. 04-C-315-C, 2005 WL 372253 (W.D. Wis. Feb. 11, 2005) .......... 16, 17

*In re Gravel*, 6 F.4th 503 (2d Cir. 2021) .......... 15

*Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671 (E.D. Tex. 2015) .......... 15, 16

*Marrocco v. Gen. Motors Corp.*, 966 F.2d 220 (7th Cir. 1992) .......... 8, 9, 13

*Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661 (7th Cir. 1996) .......... 7, 8, 9, 13, 15

*NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 6153269 (N.D. Ill. Oct. 11, 2020) .......... 18

*O'Bryant v. Walgreen Co.*, 802 F. App'x 826 (5th Cir. 2020) .......... 15

*S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851 (7th Cir. 1999) .......... 16

*Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787 (7th Cir. 2009) .......... 10

*Scott v. Chuhak & Tecson*, 725 F.3d 772 (7th Cir. 2013) .......... 7, 8

*Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) .................................................. 10, 13

*Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851 (7th Cir. 2005)............16

**Rules**

Federal Circuit Rule 28(b) ..........................................................................3

Federal Rule of Civil Procedure 37(b)(2)(C)................................................ 6, 14, 16

## STATEMENT OF RELATED CASES

No other appeal in or from this same civil action or proceeding in the lower court was previously before this Court or any other appellate court. Undersigned counsel is not aware of any case pending in this or any other court that will directly affect or be directly affected by this Court's decision in the pending appeal.

## STATEMENT OF ISSUES

1. Did the United States District Court for the Western District of Wisconsin, The Honorable William M. Conley presiding (the "District Court"), abuse its discretion in finding that Appellants Leader Accessories LLC ("Leader") and its counsel were in contempt of court for violating a Protective Order when they disclosed information designated by Static Media LLC ("Static Media") as confidential or highly confidential to an attorney representing a third-party that had been sued by Static Media in another action related to the same underlying patent?

2. Did the District Court abuse its discretion in awarding attorneys' fees plus $1,000 in sanctions against Appellants as a result of their violation of the Protective Order?

## STATEMENT OF THE CASE AND FACTS

Pursuant to Federal Circuit Rule 28(b), Static Media limits its statement of the case and facts to specific areas of disagreement with the statement set forth in Appellants' [Corrected] Principal Brief (Dkt. 14). Specifically, Static Media supplements Appellants' statement to provide additional detail regarding the timing and circumstances of Appellants' disclosure of confidential information subject to the Protective Order.

In their principal brief, Appellants acknowledge sharing confidential information with Attorney Shlomo Hecht, counsel for OJCOMMERCE, LLC ("OJ Commerce"). The full details of this disclosure are as follows.

First, in October 2018, OJ Commerce received a cease-and-desist letter relating to the patent underlying this litigation. A102, ¶ 1; A96, ¶ 4.[1] Attorney Hecht then searched for case filings related to such patent and located this action, which was then pending before the District Court. A102, ¶ 3.

Second, Attorney Hecht got in contact with Leader's counsel in this action in November/December 2018. A102, ¶ 4. To be clear, Attorney Hecht, counsel for a third-party, initiated contact with Leader's counsel – not the other way around.

---

[1] Citations formatted "A__" refer to pages included in the parties' joint appendix.

Third, Attorney Hecht began discussing "defense strategies" with Leader's counsel – meaning "defense strategies" for OJ Commerce – "including OJCOMMERCE potentially taking the preemptive step of a Declaratory Judgment action filing, to assert noninfringement, invalidity, and other possible defenses." A102, ¶ 5. At this point, OJ Commerce and Leader did not yet enter into a joint defense agreement since "no court case was [yet] filed against OJCOMMERCE." A102, ¶ 4; A97, ¶ 5.

Fourth, Attorney Hecht "promptly informed" Leader's counsel when Static Media filed suit against OJ Commerce on January 30, 2019. A102, ¶ 6; A97, ¶ 7.

Fifth, OJ Commerce and Leader entered into a Joint Defense Agreement on February 15, 2019. A103, ¶ 7; A97, ¶ 8. Appellants then disclosed confidential information designated under the Protective Order to Attorney Hecht (A98, ¶ 11; A103, ¶ 11), despite the fact that the Protective Order provides that "[A]ll Confidential information and documents, along with the information contained in the documents, shall be used solely for the purpose of this action…." A43, ¶ 3.

Sixth, after the disclosure of confidential information to Attorney Hecht, the "joint defense discussion and consultation" between Attorney Hecht and Leader's counsel "became more active." A98, ¶ 12. Such consultation encompassed "various aspects of the defenses," including "sharing experts" and "overall joint defense strategies." A98, ¶ 13. *See also* A103, ¶ 14. Leader's counsel admitted before the

District Court that he shared materials designated by Static Media as confidential with Attorney Hecht "for more effective joint defense consultation and discussion." A98, ¶ 11. Attorney Hecht similarly acknowledged that he believed information shared pursuant to the joint defense arrangement would be used "to promote the joint interest." A.103, ¶ 8.

## SUMMARY OF ARGUMENT

The District Court appropriately exercised its discretion in finding Appellants to be in contempt of court and in awarding sanctions and attorneys' fees.

First, the District Court appropriately found Appellants in contempt of court because they were either at fault, acted willfully, or acted in bad faith. Leader's counsel directly admits that he shared confidential information with Attorney Hecht "for more effective joint defense consultation and discussion." A98, ¶ 11. By definition, "joint defense" has to mean both defense of Leader in this action and defense of OJ Commerce in the other action commenced by Static Media. Sharing confidential information for "joint defense" purposes, therefore, directly violates the requirement under the Protective Order that confidential information be used "solely for the purpose of this action." A43, ¶ 3. At a minimum, Appellants were at fault in sharing such confidential information (and were, more likely, in bad faith).

Second, the District Court appropriately awarded attorneys' fees and an additional $1,000 in sanctions. The attorneys' fees are expressly permitted under Federal Rule of Civil Procedure 37(b)(2)(C), and the additional sanctions serve as a deterrent and protect the interests of Static Media, the District Court, and the public.

Accordingly, Static Media respectfully requests that the Court affirm the findings and sanctions orders of the District Court in full.

## ARGUMENT

### I. STANDARD OF REVIEW.

Appellants correctly state that discovery sanctions are subject to an abuse of discretion standard of review. Appellants' [Corrected] Principal Brief, Dkt. 14, p. 15 (citing *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878 (7th Cir. 2005)). However, Static Media supplements Appellants' statement of the standard of review to further explain this abuse of discretion standard.

The abuse of discretion standard applies to "[b]oth the decision to sanction and the choice of an appropriate sanction." *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996). This standard of review "presents a heavy burden to parties challenging the imposition of sanctions." *Scott v. Chuhak & Tecson*, 725 F.3d 772, 778 (7th Cir. 2013). Under this standard, a court will "uphold any exercise of the district court's discretion that could be considered reasonable, even if [the appellate court] might have resolved the question differently." *Id.*

"Because the district court is in the best position to determine if a party has complied with its discovery orders," an appellate court "will not reverse the imposition of sanctions unless 'it is clear that no reasonable person could concur in the trial court's assessment....'" *Melendez*, 79 F.3d at 670–71 (quoted source omitted). "Similarly, the district court has primary responsibility for selecting an

appropriate sanction, and [an appellate court] will not reverse the district court's selection 'absent a clear abuse of discretion.'" *Id.* at 671 (quoted source omitted). *See also Scott*, 725 F.3d at 778 ("A party meets its burden under this standard [abuse of discretion] 'only when it is clear that no reasonable person would agree [with] the trial court's assessment of what sanctions are appropriate.'"). An appellate court "review[s] the factual findings underlying the district court's imposition of sanctions under the deferential clearly erroneous standard." *Melendez*, 79 F.3d at 671.

The burden of a party seeking review of a sanctions order, though heavy, "is not insurmountable." *Scott*, 725 F.3d at 778. "[A] district court may only impose discovery sanctions 'where a party displays willfulness, bad faith, or fault.'" *Id.* (quoting *Am. Nat'l*, 406 F.3d at 877).

## II. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN FINDING APPELLANTS IN CONTEMPT OF COURT.

"Discovery sanctions may only be imposed where a party displays wilfulness, bad faith, **or** fault." *Am. Nat.*, 406 F.3d at 877 (internal quotations omitted) (emphasis added). Only one of these findings is required. *See Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992) ("There is no legal basis for Goodyear's claim that sanctions should be limited solely to situations where the non-compliance is wilful or deliberate. Quite to the contrary, the Supreme Court has expressly stated that sanctions may be appropriate in any one of three instances—

where the noncomplying party acted *either* with wilfulness, bad faith *or* fault.") (italics in original) (citation omitted).

Fault, wilfulness, and bad faith are "three measures of culpability [that] are each wholly distinct from one another." *Marrocco*, 966 F.2d at 224. Bad faith "is characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Id.* By contrast, fault "doesn't speak to the noncomplying party's disposition at all, but rather only describes the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation." *Id.*

Accordingly, a court may impose sanctions on a party that either knew or should have known its conduct was wrong. If the party knew, then the party acted in bad faith. If the party only should have known, then the party was at fault. *See Melendez*, 79 F.3d at 671 (affirming sanctions order against a party that "knew or should have known that disclosure … was required by the court's discovery orders" because the party either "acted in bad faith (i.e., … knew disclosure was required) or, alternatively, was at fault (i.e., … should have known disclosure was required")).

A court may also *infer* the knowledge required for a finding of bad faith or wilfulness. *See Melendez*, 79 F.3d at 671 ("[T]here is ample evidence on the record from which to infer bad faith in Illinois Bell's non-disclosure of the BSAT–R project. We find it difficult to conceive that Illinois Bell reasonably and in good faith

believed that the BSAT–R project was not covered by plaintiff's straightforward discovery requests.”). *See also Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 794 (7th Cir. 2009) (“A reasonable person should know that giving a sensitive document to a member of the press, particularly one whose interest in the document was so keen that Sanchez repeatedly had to ‘put him off,’ almost inevitably will lead to its publication. That alone is more than sufficient to support the district court's finding of willfulness.”). Moreover, “[a] party's subjective belief that [it] was complying with an order ordinarily will not insulate [it] from civil contempt if that belief was objectively unreasonable.” *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1802 (2019).

Appellants argue that the District Court erred in finding that Appellants were at fault or acted willfully or in bad faith, pointing to the fact that Leader’s counsel notified Attorney Hecht of the Protective Order, received a written acknowledgement from Attorney Hecht that he would comply with the Protective Order, and reminded him of the Protective Order on several occasions. None of this matters, however, because Appellants also **admitted that they disclosed the confidential information for a purpose other than the defense of this action alone**.

Leader’s counsel admitted before the District Court that he shared materials designated by Static Media as confidential with Attorney Hecht “for more effective

joint defense consultation and discussion." A98, ¶ 11. Attorney Hecht – counsel for the third-party litigating a separate action against Static Media – similarly acknowledged that he believed information shared pursuant to the joint defense arrangement would be used "to promote the joint interest." A.103, ¶ 8.

By definition, "joint defense" has to mean both defense of Leader in this action and defense of the third-party, OJ Commerce, in the other action commenced by Static Media. The District Court did not even need to think through this logic, however, because Leader explicitly told the District Court that the "joint defense consultation" included discussion of matters relating to OJ Commerce's action – not this action. Leader's counsel, by declaration, stated that the "joint defense consultation" encompassed "various aspects of the ***defenses***," including "***sharing*** experts" and "overall joint defense ***strategies***." A98, ¶ 13.

The plural terms in the declaration of Leader's counsel are revealing. When Leader's counsel "sent to [Attorney Hecht] the deposition transcripts in the instant action [which included confidential information] for more effective joint defense consultation and discussion" (A98, ¶ 11), that meant such confidential information would be used for "more effective" discussions of the "defenses" of both actions, the "strategies" for both actions, and the "sharing" of experts for both actions. Appellants' sharing of confidential information for "joint defense" purposes,

therefore, directly violated the requirement under the Protective Order that confidential information be used "solely for the purpose of this action." A43, ¶ 3.

Appellants' own admissions provided the District Court with ample evidence to conclude that Appellants were at fault or acted willfully or in bad faith. All Appellants' protestations to the contrary fall flat in light of their own words to the District Court. For example, Appellants argue in their principal brief that Leader and its counsel did not know, at the time of disclosing the confidential information, that Attorney Hecht would use it "during his settlement discussions with Static Media's counsel that occurred nearly seven months after Appellants provided and Mr. Hecht received the information." Dkt. 14, p. 19. So what? While Appellants may not have known Attorney Hecht would use the confidential information in those precise settlement discussions, they certainly knew (by their own admission) that Attorney Hecht would use such information for the defense of OJ Commerce – since that was one of the defenses inherently comprising the "joint defense."

The District Court concluded that "[t]his is not a close call" and "not a close case." The District Court was right. Appellants provided confidential information, which was to be used solely for purposes of this action, in order to advance a "joint defense." It does not matter that Appellants also informed Attorney Hecht of the Protective Order and secured his agreement to adhere to it. Securing an agreement from a third-party to comply with the terms of a protective order before disclosing

confidential information does not absolve a party from its wrongdoing when the very fact of the disclosure violates the order. Nor does it matter that Appellants claim they believed they were complying with the Protective Order. Rather, Appellants' supposed subjective belief cannot insulate them from a contempt finding since any such belief is "objectively unreasonable." *Taggart*, 139 S. Ct. at 1802.

At a minimum, Appellants were at fault under the Protective Order since they exercised "extraordinarily poor judgment" and "flagrant[ly] disregard[ed]" their obligations under the Protective Order. *Marrocco*, 966 F.2d at 224. At most, the District Court appropriately inferred from Appellants' own statements that they acted with the knowledge required for a finding of bad faith or wilfulness. *See Melendez*, 79 F.3d at 671; *Salmeron*, 579 F.3d at 794. Either way, the District Court's appropriately exercised its discretion in finding Appellants to be in contempt and in ordering sanctions.

## III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN AWARDING ATTORNEYS' FEES AND ADDITIONAL SANCTIONS OF $1,000.

### A. The District Court Appropriately Awarded Attorneys' Fees.

In their principal brief, Appellants challenge the District Court's award of both attorneys' fees and an additional $1,000 in sanctions. However, the only basis upon which Appellants object to the attorneys' fees award is their contention that "the district court erred in finding Appellants in contempt in the first place." Dkt. 14,

p. 22. As shown above, the District Court's finding of contempt was not made in error. To the contrary, the District Court appropriately found Appellants to be in contempt for violating the Protective Order by sharing confidential information intended only for use in this action with counsel for a third-party who would use such information for "joint defense" purposes, including the defense of the third-party in another action.

Appellants assert no other basis for objecting to the attorneys' fees award. In any event, an attorneys' fees award is expressly permitted by Federal Rule of Civil Procedure 37(b)(2)(C): "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."). Appellants do not argue in their principal brief that their failure to comply with the Protective Order was "substantially justified" or that "other circumstances make an award of" attorneys' fees unjust. Accordingly, the award of attorneys' fees was not an abuse of discretion.

**B. The District Court Appropriately Awarded Additional Sanctions.**

Sanctions for violations of discovery orders serve multiple purposes. "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be

tempted to such conduct in the absence of such a deterrent.'" *O'Bryant v. Walgreen Co.*, 802 F. App'x 826, 833 (5th Cir. 2020) (quoted source omitted). The deterrent effect of sanctions is explained as follows:

> Discovery sanctions under Federal Rule 37 are deterrents (specific and general) meant to punish a recalcitrant or evasive party. A party might otherwise abuse or delay discovery, embroil[ing] trial judges in day-to-day supervision. Without adequate sanctions the procedure for discovery would often be ineffectual, and the administration of justice would grind to a halt. Federal Rule 37 protects more than the interest of a party in remedying or avoiding certain costs; it protects the interests of the parties, the court, and the public in a speedy and just resolution of the case.

*In re Gravel*, 6 F.4th 503, 515 (2d Cir. 2021) (internal quotations and citations omitted).

"Sanctions … must be proportionate to the circumstances." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). *See also Melendez*, 79 F.3d at 672 ("District courts, however, may only impose sanctions that are 'just,' that is, proportionate to the circumstances surrounding a party's failure to comply with discovery rules.") (quoted source omitted).

"[A]ctual injury to the aggrieved party" is one factor for a court to consider in assessing sanctions, *Lunareye, Inc. v. Gordon Howard Assocs., Inc.*, 78 F. Supp. 3d 671, 675 (E.D. Tex. 2015), but it is not the only one. "The need to promote respect for, and meticulous observance of protective orders, to deter [a party] from a repeat offense, and to deter others from similar conduct is also an important

objective." *Id.* at 675-76. This is because "[c]omplete good faith compliance with protective orders is essential to modern discovery practices and counsel must temper their zeal in representing their clients with their overreaching duty as officers of the court." *Id.* at 676 (ordering sanctions of $2,500 as "the least onerous sanction that is sufficient to remind counsel of this duty [to adhere to protective orders], deter future violations in this suit, and serve as an adequate general deterrent for similar conduct.").

Many courts have ordered sanctions in the absence of specific evidence of actual loss.[2] In *Frazier v. Layne Christensen Co.*, No. 04-C-315-C, 2005 WL 372253, at *1 (W.D. Wis. Feb. 11, 2005), for instance, the court found a violation of

---

[2] Appellants cite a number of cases for the proposition that there must be an evidentiary basis to find "actual loss" in order to support a sanctions award. However, none of the cases Appellants cite for this proposition deal with sanctions imposed under Federal Rule of Civil Procedure 37, which was the basis for the District Court's orders. *See Autotech Techs. LP v. Integral Rsch. & Dev. Corp.*, 499 F.3d 737, 740 (7th Cir. 2007) (motion seeking contempt sanctions for alleged violation of exclusivity rights in an agreed order entered by court as part of a settlement); *Tranzact Techs., Inc. v. 1Source Worldsite*, 406 F.3d 851, 853 (7th Cir. 2005) (motion seeking contempt sanctions for alleged violation of stipulation and agreed judgment); *S. Suburban Hous. Ctr. v. Berry*, 186 F.3d 851, 853 (7th Cir. 1999) (motion seeking contempt sanctions for alleged violation of consent decree); *E.E.O.C. v. Dial Corp.*, No. 99 C 3356, 2001 WL 1945089, at *3 (N.D. Ill. Dec. 6, 2001) (assessing potential sanctions for violation of the court's confidentiality orders under the guise of courts' "inherent power to enforce compliance with their lawful orders through civil contempt," rather than under Rule 37).

a protective order resulting from improper disclosure of highly confidential information to expert witnesses. As a sanction, the aggrieved party sought the striking of the expert witnesses. The court held that striking the witnesses "would be a disproportionately harsh sanction," but still imposed a monetary sanction for violation of protective order, without first requiring evidence of actual loss. *Id.* The amount of the sanctions imposed ($1,000 per violation) was exactly that imposed by the District Court in this case:

> [T]he protective order is not a paper tiger. Although defendants have not made a case for striking plaintiffs' expert witnesses, the price extracted from plaintiffs for their disregard of the court's orders must be sufficient to constitute actual punishment and must serve as a specific and general deterrent to future violations in this case and in others. Pursuant to Rule 37(b)(2) I am imposing a fine of $1000 for each of the four violations of the protective order, for a total of $4000. Plaintiffs and their attorneys are jointly and severally liable for payment.

*Id.* at *4. *See also E.Z. by Braun v. United States*, No. 17 C 216, 2020 WL 757890, at *2 (N.D. Ill. Feb. 14, 2020) (imposing a sanction of attorneys' fees plus two times the amount of such fees because "[a]n award solely of fees associated with bringing the motion for sanctions would not make Plaintiffs whole. To the contrary, such an award would leave Plaintiffs in the same position they were in before they brought the motion for sanctions. The Court ordered the sanction of two additional multiples of those fees as compensation for the harm E.Z. sustained as a result of WSMC's violation of E.Z.'s rights under the protective order."); *Crissen v. Gupta*,

No. 2:12-CV-00355-JMS, 2014 WL 1414575, at *7 (S.D. Ind. Apr. 14, 2014) (declining to dismiss the case as a sanction but imposing sanctions of $2,000 because "the Court does find that some type of sanction is appropriate").

Here, the District Court appropriately exercised its discretion to impose modest sanctions of $1,000. The amount of the sanctions is proportionate (perhaps even a little conservative) in light of Appellants' actions. After all, Appellants' misconduct "involved violation of a court order" – as opposed to a mere failure to comply with written discovery – "and it is significant for that reason alone." *NeuroGrafix v. Brainlab, Inc.*, No. 12 C 6075, 2020 WL 6153269, at *2 (N.D. Ill. Oct. 11, 2020). Given the clear violation of a court order, the $1,000 imposed in sanctions is, as the District Court correctly noted, "eminently reasonable." A.24.

Furthermore, the sanctions appropriately provides a deterrent effect, a reminder to Appellants – and to other parties and attorneys – of the importance of adhering to protective orders. The District Court said it best:

> In a patent lawsuit, a sanction of one thousand dollars could be viewed as merely symbolic, but the message sent is important: when you sign a protective order, you had better understand what you have agreed to and then you had better comply with the terms of your agreement. Even unintended violations can cause the harm that the agreement was designed to prevent.

A.25. The District Court's imposition of modest sanctions to ensure that its Protective Order was not rendered a "paper tiger" was appropriate, proportionate, and aligned with applicable law. There was no abuse of discretion.

## CONCLUSION

Based on the foregoing, Static Media respectfully requests that this Court affirm the District Court's findings and sanctions order in full.

Dated this 27th day of December, 2021.

Respectfully submitted,

/s/ *Deborah C. Meiners*

Harry E. Van Camp (#1018568)
Elijah B. Van Camp (# 1100259)
Deborah C. Meiners (#1074114)
**DEWITT LLP**
Two East Mifflin Street, Suite 600
Madison, WI 53703-2865
608-255-8891

Attorneys for Plaintiff-Appellee Static Media LLC

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service of the non-confidential version of the foregoing will be accomplished by the CM/ECF system on the following individuals:

Aaron W. Davis, Esq.
VALHALLA LEGAL, PLLC
P.O. Box 735
Custer, SD 57730-0735
Telephone: (763) 957-2397
Email: davis@valhallalegal.com
*Attorneys for Appellants Leader Accessories LLC and Jen-Feng Lee*

*/s/ Deborah C. Meiners*
Deborah C. Meiners, Esq.
Attorney for Plaintiff-Appellee

**CERTIFICATE OF COMPLIANCE**

Pursuant to FRAP 32(a)(7)(C), the undersigned certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,905 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Fed. Cir. R. 32.

Pursuant to Fed. R. App. P. 32(a)(5), the undersigned certifies that this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point font, Times New Roman typeface.

Dated: December 27, 2021.

*/s/ Deborah C. Meiners*
Deborah C. Meiners, Esq.
Attorney for Plaintiff-Appellee